### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:08CR331 |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | |
| MICHAEL POWERS, ) | RECOMMENDATION |
| ) | |
| Defendant. ) | |

This matter is before the court on the motion to suppress filed by defendant Michael Powers (Powers) (Filing No. 16). Powers is charged in the Indictment with knowingly receiving and distributing child pornography (Count I) in violation of 18 U.S.C. § 2252A(a)(2) and with the possession of child pornography (Count II) in violation of 18 U.S.C. § 2252(a)(4)(B). Powers seeks to suppress evidence seized by law enforcement officers from Powers's residence in Omaha, Nebraska, on October 19, 2007.

The court held a hearing on the motion on October 1, 2008. Powers was present for the hearing along with his counsel, James E. Schaefer. The United States was represented by Assistant U.S. Attorney Sandra L. Denton. During the hearing, the court received into evidence a copy an application and affidavit for a search warrant, search warrant, and return and inventory (Exhibit 1). No other evidence or testimony was offered nor received. A transcript (TR.) of the hearing was filed on October 6, 2008 (Filing No. 25).

### FINDINGS OF FACT

On October 18, 2007, Special Agent Charles Bautch (Agent Bautch) of Immigration and Customs Enforcement (ICE), of the U. S. Department of Homeland Security, presented the undersigned magistrate judge with a twenty-one page application and affidavit for a warrant to search of the residence of Powers at 8526 Franklin Street, Omaha, Nebraska, and any computers therein (Exhibit 1). Agent Bautch set forth in his affidavit the following: (1) the relevant statutes involved; (2) definitions of terms used in the affidavit; (3) background regarding the seizure of computers; (4) and background regarding the internet, internet service providers (ISP), internet protocol addresses (IP), storage

capabilities of computers, and the ability to download files from computers (including deleted files). Agent Bautch set forth the background of the investigation of Powers when the Custom Enforcement Cyber Crimes Center, Child Exploitation Section (ICE/C3/CES), investigated a commercial child pornography website known as "Home Collection." The organization operating the website has additional child pornography websites and utilizes various PayPal accounts to process payments to member-restricted websites. The affidavit further described the operation of PayPal and receipt of payments. The initial member-website was located at URL: http://members.homecollect.us and was known as "Home Collection." Investigation revealed the website would offer individuals, through various advertisements, a monthly access to a number of member-restricted websites for $79.95 a month. ICE/C3/CES agents accessed the various advertised websites, made payments through an "i West" payment site which was linked to the PayPal payments system. Thereafter, the agents accessed the member-restricted websites which contained child pornography. ICE/C3/CES agents conducted an analysis of PayPal transactional logs and were provided with various customers who purchased access to at least one of the identified child pornography websites. On December 21, 2006, Michael Powers made a payment to PayPal with an identified e-mail address of belfasthd@juno.com for a SickCR package v5.06 Build 3638, Item ID number 1003 (Sick Child Room 2005), in the amount of $99.95. Powers used the e-mail address of powersglass@cox.net. The address given was 8526 Franklin St., Omaha, Nebraska. ICE/C3/CES agents had previously accessed the site used by Powers and had viewed the Sick Child Room 2005 package with an excess of 150 video files available depicting prepubescent or minor females engaged in sexually explicit conduct with an adult male. Records indicated Powers's last access to the website was on February 12, 2007. Agent Bautch set forth in his affidavit experience with other subscribers to child pornography and their retention of copies of child pornography on their computers or in hard copy after printing. Agent Bautch conducted various record checks and performed visual surveillance to determine if Powers continued to reside at the Franklin Street address.

      Based upon the application and affidavit, the undersigned magistrate judge issued a warrant on October 18, 2007, to search the premises at 8526 Franklin Street in Omaha.

## CONCLUSIONS OF LAW

Powers argues the application and affidavit fails to establish probable cause for the issuance of the search warrant. Powers argues that merely because he subscribed to a website containing child pornography does not show that Powers was viewing child pornography from his home computer. Powers further argues that the application and affidavit does not distinguish between images of actual children or those of virtual depictions of children. *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002).

### A.  Sufficiency of the Affidavit

An affidavit for a search warrant must contain probable cause of four ingredients: time, crime, objects, and place. 2 Wayne R. LaFave, *Search and Seizure* § 3.7(d) at 412 (4th ed. 2004). As the Supreme Court stated in *Illinois v. Gates*, 462 U.S. 213, 238 (1983): "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* Thus, when viewing a search warrant, the court must look at the totality of the circumstances set forth in the affidavit. **See** *id.*; *United States v. Jeanetta*, 533 F.3d 651, 654 (8th Cir. 2008). "Probable cause has been shown if the warrant application and affidavit describe circumstances showing 'a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Robinson*, 536 F.3d 874, 877 (8th Cir. 2008) (**quoting** *Gates*, 462 U.S. at 238). The Eighth Circuit has explained the issuing magistrate's obligation as follows:

> The task of the issuing magistrate is to make "a practical, **common-sense decision** whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for . . . concluding that probable cause existed." [*Gates*, 462 U.S. at 238]. When the magistrate relied solely on the affidavit presented to him, "only

> that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause." *United States v. Leichtling*, 684 F.2d 553, 555 (8th Cir. 1982), **cert. denied**, 459 U.S. 1201, 103 S. Ct. 1184, 75 L. Ed. 2d 431 (1983). **Affidavits must be read in "a common-sense and realistic fashion,"** *United States v. Cadwell*, 864 F.2d 71, 74 (8th Cir. 1988) (**citing** *United States v. Ventresca*, 380 U.S. 102, 108, 85 S. Ct. 741, 746, 13 L. Ed. 2d 684 (1965)). "Deference is accorded an issuing magistrate's probable cause determination . . ." *United States v. Brown*, 584 F.2d 252, 256 (8th Cir. 1978).

*United States v. Gladney*, 48 F.3d 309, 312 (8th Cir. 1995) (emphasis added).

Powers signed up for, and paid for, a subscription to a child pornography website. Common sense and the ICE agents' previous contacts with subscribers to the site would show there was a fair probability that contraband or evidence of a crime would be found on Powers's computer. Further Agent Bautch's description of the computer images, the definitions used in the affidavit, and the agents of ICE/C3/CES descriptions of videos observed on the website was sufficient to rise to probable cause for the purpose of the issuance of a search warrant. The descriptions set forth in the affidavit were sufficient for the issuance of the search warrant. **See** *New York v. P.J. Video, Inc.,* 475 U.S. 868, 874 (1986); *United States v. Smith*, 795 F.2d 841, 847 (9th Cir. 1986). Furthermore, in *United States v. Williams*, 128 S. Ct. 1830 (2008), the Supreme Court upheld Congress's ***Ashcroft*** legislative fix with the passage of the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 (Act), 18 U.S.C. § 2252A, which defines various types of child pornography. Agent Bautch's descriptions of the videos from the website in issue meet the definitions set forth in the Act.

Additionally, Powers's challenge to the nature of the images as depicting actual or virtual children is misplaced at this stage of the proceedings where the issue is the probability of child pornography being found on Powers's computer. **See** *United States v. LaFortune*, 520 F.3d 50, 56-58 (1st Cir. 2008). Further, the affidavit stated the website made available video files depicting prepubescent or minor females engaged in sexually explicit conduct with an adult male. The description contained in the affidavit enabled the

issuing magistrate judge to make considered judgment that the depictions were of actual children.  **See** *id.*

B.   *Leon*

Even assuming *arguendo*, that probable cause was lacking in sufficiency, the **Leon** good faith exception would allow the admissibility of the evidence seized.  In *United States v. Leon*, 468 U.S. 897 (1984), the Supreme Court carved out an exception to the exclusionary rule by determining that evidence which would otherwise be inadmissible because the warrant was invalid would nonetheless be admissible if the evidence was obtained by law enforcement officers who were acting in reasonable good faith reliance upon the search warrant issued by a neutral and detached magistrate.  This good faith exception is equally applicable to warrants that violate the particularity requirement of the Fourth Amendment.  *Massachusetts v. Sheppard*, 468 U.S. 981, 988 (1984).  The Supreme Court found that reliance on an invalid search warrant would not be reasonable if:  (1) the affidavit included information the officer knew was false or would have known to be false except for the officer's reckless disregard for the truth and such information misled the issuing magistrate; (2) the issuing magistrate abandoned a neutral and detached role; (3) the warrant was based on an affidavit with so few indicia of probable cause that an objective belief in its validity would be unreasonable; and (4) the warrant itself was so facially deficient that the executing officers could not rely upon its validity.  *Leon*, 468 U.S. at 923.  None of those exceptions apply in this case.

In any event, *Leon* applies even where the affidavit does not include either samples of the pornographic images or detailed written descriptions to enable the issuing magistrate to determine whether the images depict actual children.  **See** *LaFortune*, 520 F.3d at 56. Accordingly, the motion to suppress should be denied.

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

Powers's motion to suppress (Filing No. 16) be denied.

**ADMONITION**

Pursuant to NECrimR 57.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Report and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 4th day of November, 2008.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge